VALIENTE & CÍA., S. en C., Plaintiff and Appellant, *v.* PEOPLE OF PUERTO RICO ET AL., Defendants and Appellees.

No. 10174. Argued June 13, 1950.—Decided June 23, 1950.

*E. Martínez Rivera* for appellant. *Vicente Géigel Polanco, Attorney General (José C. Aponte, Acting Attorney General* on the brief) and *Edgar S. Belaval, Assistant Attorney General,* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The plaintiff filed a suit in the district court for a declaratory judgment against the Commissioner of Interior and the Superintendent of Public Works that the defendants owed it certain money in connection with a contract to build a bridge. We reversed the judgment for the plaintiff, holding that this was in effect a suit against the People of Puerto Rico which had not given its consent to be sued. We ruled that the case did not fall within the purview of § 1 of Act No. 76, Laws of Puerto Rico, 1916, as amended by Act No. 11, Laws of Puerto Rico, 1928, whereby the People consented to be sued in connection with the matters expressly contained therein. *Valiente & Co.* v. *Cuevas, Com'r.,* 65 P.R.R. 169.

The Legislature thereupon enacted Act No. 391, Laws of Puerto Rico, 1946, which specifically authorized the plaintiff to sue the People in connection with the final liquidation of the contract in question. The plaintiff thereafter filed a suit for a declaratory judgment in the district court against the People. This was dismissed by the lower court because the plaintiff failed to file a bond as required by § 4 of Act No. 76 as amended. We affirmed the judgment of the district court in a Per Curiam opinion dated May 24, 1949.

The plaintiff filed a third suit for a declaratory judgment and filed a bond therewith. The lower court dismissed the complaint on the ground that the action had prescribed.

The case is now before us on appeal from that judgment.

The only assignment is that the lower court erred in holding that the action had prescribed. Section 9 of Act No. 76 provides that actions against the People shall prescribe within one year after they arise, except for revendication actions which shall prescribe in two years. The cause of action of the appellant arose by virtue of the passage of Act No. 391 of 1946. See *R. Santaella & Bros. Inc.* v. *Tax Court*, 66 P.R.R. 819; *The Coca Cola Co.* v. *Tax Court*, 65 P.R.R. 142. Act No. 391 was approved on April 22, 1946, to take effect 90 days after approval. The complaint in this case was filed on July 12, 1949, long after the period of one year provided therefor in § 9 of Act No. 76.

The appellant nevertheless argues that the one-year period does not apply to it because this action was not one of those authorized by § 1 of Act No. 76, as we held in *Valiente & Co.* v. *Cuevas, Com'r., supra*. But we have held that where special statutes authorize suits not contemplated by § 1, the requirements of the other provisions of Act No. 76 relating to bond and prescription are nevertheless applicable. *Campis* v. *People*, 67 P.R.R. 366; *Masini* v. *People*, 53 P.R.R. 280; *Valiente & Co.* v. *People*, decided May 24, 1949 (Per Curiam). It was for this reason that we affirmed the judgment of the lower court in the second suit for failure to post a bond. By the same token, the failure of the plaintiff to institute suit within a year of the effective date of Act No. 391, as required by § 9 of Act No. 76, was fatally defective.

There are three fundamental requisites found in Act No. 76. The first is that the action be one of those contemplated by § 1. The second is that a bond be posted (§ 4); the third is the provision for limitations (§ 9). Act No. 391 waived the requirement of § 1. But it had no effect on the second and third requisites. The second was satisfied by the filing of the bond with this suit. But by the time the suit was filed, it was barred under § 9 of Act No. 76.

608

We cannot agree with the plaintiff that the filing of the second suit interrupted the running of the statute of limitations. The holding and language of *Masini* v. *People*, *supra*, and *Ortiz* v. *People*, 59 P.R.R. 443, are to the contrary.

The judgment of the district court will be affirmed.